

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Mervin Hall, Commissioner
Fire Insurance Division
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                    Opinion No. O-7302

> Re: Whether the Board of
> Insurance Commissioners
> has the authority to grant
> a general agent's license
> to an organisation whose
> business is insurance
> management, if that
> organization is a
> corporation.

We have received your request for a reconsideration
of our Opinion No. O-1931 dated February 19, 1940, which holds
that the Board of Insurance Commissioners is not authorized to
grant a general agent's license to a corporation. Your reason
for requesting reconsideration of the opinion is that it has
been called to your attention that the 48th Legislature in
1943 amended Section 10, Subsection (b) of Article 7047,
Revised Civil Statutes of Texas, 1925.

Article 7047, Section 10, Subsection (b) reads as
follows:

> "General Agents. From every person acting as
> a general agent of any insurance company that may
> transact any insurance business in this State,
> there shall be collected an annual tax of Twenty-
> five Dollars ($25).

> "For the purpose of this subsection, a 'general
> agent' shall be a person, firm, association or
> corporation, who may exercise a general supervision

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Marvin Hall, Page 2

or control over the business of one or more
insurance companies in this State and who main-
tains a supervisory office or offices, with the
authority to appoint local agents or special
agents; and who, in the case of fire, marine
and casualty insurance companies, receives,
records, inspects, underwrites and files the
daily reports from local agents of the business
done by such local agents. Separate taxes shall
not be charged for individual members of such
firms, associations or corporations, but a
separate tax shall be levied for each separate
establishment maintained by such general agents.
Provided that this tax shall not apply to any
local or special agents of fire, marine or casualty
insurance companies, or any local or soliciting
agents, or district, division, or branch managers,
of life, accident, health, or industrial insurance
companies. As amended Acts 1943, 48th Leg., p. 654,
Ch. 372, § 3."

Our Opinion No. O-1931 substantially holds that
Article 1302, Revised Civil Statutes of Texas, in specifying
the various purposes for which private corporations may be
formed, does not specifically authorize insurance agents
whose duties are of a supervisory nature to incorporate, and
that although such agents are excluded from all of the pro-
visions of Article 5062a, V. A. C. S., nevertheless such ex-
clusion does not specifically authorize the incorporation of
general insurance agents for the purpose of acting for other
insurance companies having certificates of authority to do
business in this State. The holding of this opinion is again
expressly approved by this department.

If, therefore, this holding can be changed upon
reconsideration, it must be by virtue of changes in factual
conditions or a change in the statutory law authorized by
the Legislature of Texas. You have called to our attention
two letters submitted to your department by a firm of lawyers
in support of their request to you for a reconsideration of
the opinion. One of these letters suggests that by virtue
of Article 1303b, V. A. C. S., (Ch. 275, Acts 1927, 40th Leg.,

page 414) the laws of Texas permit a private corporation to be incorporated for several different purposes one of which is "to act . . . . as agent for the performance of any lawful act" and that as a result thereof a corporation having such a purpose clause in its charter may act as a general agent, such being a lawful act.

It is possible that the purpose clause authorized by Article 1303b, V. A. C. S. standing alone might be construed to authorize a corporation to act as a general insurance agent. However, Section 1 of Article 1524a, V.A.C.S., being Sn. 165, Acts 1931, 42nd Legislature, page 280, reads in part as follows:

"This Act shall embrace corporations heretofore created and hereafter created having for their purpose or purposes any or all of the powers not authorized in Subdivisions 48, 49 or 50 of Article 1302, Revised Civil Statutes of Texas, 1925, and heretofore or hereafter created having in whole or in part any purpose or purposes now authorized in Chapter 275, Senate Bill Number 232 of the General and Special Laws of the Regular Session of the 40th Legislature. No such corporation shall act as agent or trustee in the consolidation of or for the purpose of combining the assets, business or means of other persons, firms, associations or corporations, nor shall such corporation as agent or trustee carry on the business of another." (Emphasis ours)

Inasmuch as Article 1524a applies to any corporation heretofore or hereafter created having in whole or in part any purpose or purposes now authorized in Article 1303b, supra, one of which is to "act as agent for the performance of any lawful act", such purpose is qualified by the emphasized portion of Section 1 which reads that "nor shall such corporation as agent . . . . carry on the business of another."

In the absence of a statutory definition of the powers of a general insurance agent for the purpose of the enforcement of the insurance laws of this State we may look to the decision by Commission of Appeals in the case of Manhatten Life Insurance Company v. Stubbs, 234 S. W. 1099,

Honorable Marvin Hall, Page 4

wherein Judge Powell, speaking for the court after an exhaustive discussion of the authorities, held as follows:

"It will be seen from the authorities above reviewed, that the powers of a general agent are almost unlimited, and are coextensive with the requirements of the business in which he is engaged." (Emphasis ours)

To the same effect are the cases of R. H. Swartz Co. v. Minn. Mutual Life Insurance Co. (Civ. App.), 293 S. W. 256, and Missouri State Life Insurance Co. v. Woodson (Civ. App.), 256 S. W. 958. Also see 44 Corpus Jur. Sec. paragraph 150, page 822, and authorities cited.

From the foregoing definition it is evident that the powers of a general insurance agent are such that he must of necessity "carry on the business of another" — that is, the insurance business of the insurance company for which he acts as general agent.

It will be noted that subsection (b) Section 10, Article 7047, supra, provides as follows:

"For the purpose of this subsection, a general agent shall be a person, firm, association or corporation, who may exercise a general supervision or control over the business of one or more insurance companies in this State and who maintains a supervisory office or offices, with the authority to appoint local agents or public agents. . . ." (Emphasis ours).

In construing this statute, it will be noted that the Legislature only attempted to define the term "general agent" for the purpose of this subsection, that is, for the purpose of levying an occupation tax on a general agent of any insurance company that may transact any insurance business in this State, and in so doing, expressly limited its definition of the term "general agent" for the purpose of levying an occupation tax and not generally defining a "general agent" as the

Honorable Marvin Hall, Page 5

term is used in other supervisory or regulatory insurance laws.

But, however, conceding arguendo that this definition should be considered in connection with other regulatory laws governing the insurance business in the State of Texas, nevertheless by the very words in which the term "general agent" is defined, it will be noted that such general agent is one who "may exercise a general supervision or control over the business of one or more insurance companies in this State" and as such the general agent necessarily falls under the limitations referred to in Section 1 of Article 1524a, supra, which is that such agent is forbidden to carry on the business of another.

Such holding has already been made by this department in Opinion No. O-3250 dated May 14, 1941 and addressed to the Honorable Marvin Hall, Board of Insurance Commissioners, a copy of which opinion is attached.

You are therefore advised that it is the opinion of this department that the Board of Insurance Commissioners has no authority to grant a general agent's license to a corporation, incorporated under the provisions of Article 1303b, V. A. C. S., having only the power "to act as agent for the performance of any lawful act."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

APPROVED AUG 19, 1946

ATTORNEY GENERAL OF TEXAS

(ting)

CKR:ms



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN